76 F.3d 381
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clayton VAHOSKY, Mark Ballog, and Larry Rogers, Defendants-Appellants.
 Nos. 95-1537, 95-1556 and 95-1703.*
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 8, 1995.
Decided Jan. 9, 1996.
 
 Before POSNER, Chief Judge, and LAY** and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Clayton Vahosky, Mark Ballog, and Larry Rogers were among twenty-four defendants charged in a multi-count indictment alleging a scheme to defraud several insurance companies through filing of false insurance claims in violation of 18 U.S.C. §§ 1341 and 1343. Vahosky, Ballog, and Rogers each entered into a written plea agreement with the government. Vahosky pled guilty on one count of mail fraud and was sentenced to four months of imprisonment and three years of supervised release with the first four months of supervised release to be served in community confinement. Mark Ballog also pled guilty to one count of mail fraud and was sentenced to twenty-seven months of imprisonment, three years of supervised release, and $5,000 in restitution. Larry Rogers pled guilty to one count of wire fraud and was sentenced to ten months of imprisonment, three years of supervised release, and $5,000 in restitution. The defendants separately appeal their sentences.
 
 Clayton Vahosky
 
 2
 Vahosky asserts the government breached its plea agreement when he was sentenced for an amount of loss in excess of the amount specified in the plea agreement. The government stipulated in the agreement that, pursuant to U.S.S.G. § 2F1.1(b)(1)(E), a four-level increase was required under the guidelines because the loss was more than $20,000 but not more than $40,000. The probation officer subsequently learned, however, that in a false claim made against Marriott Hotel, the insurance company had set up a reserve fund of $3,500. In the presentence report, the probation officer concluded that this was an intended loss that should be included in the amount of loss under § 2F1.1(b)(1). Including the $3,500 loss, the total loss was $43,010 instead of $39,510, and the probation officer recommended the offense level be increased five levels instead of four levels. The district court accepted this recommendation, resulting in a guideline imprisonment range of eight to fourteen months. Vahosky was sentenced to the lower end of the guideline range, receiving a sentence of four months imprisonment and three years supervised release with the first four months of supervised release to be served in community confinement.
 
 
 3
 On appeal, Vahosky claims the government "abandoned" its plea agreement by failing to support his argument at sentencing that the plea agreement fairly valued the size of the loss. Under Santobello v. New York, 404 U.S. 257 (1971), Vahosky argues he was entitled to specific enforcement of the plea agreement.
 
 
 4
 At the time of the sentencing proceedings, the defendant and his attorney appeared before the trial judge who fully explained to the defendant why the court increased the sentence level. The court found the intended loss from the Marriott claim was the $3,500 reserve. The court pointed out that the government "basically ignored [the Marriott claim] even though the law requires [its] recognition." After the court stated its position, however, neither Vahosky nor his attorney objected to the court's redetermination of the loss on the ground that it violated the plea agreement, nor did they seek to withdraw from the plea agreement.
 
 
 5
 We point out that paragraph 6(h) of the defendant's plea agreement reads as follows:
 
 
 6
 The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.
 
 
 7
 Under the circumstances, we find that the government did not breach the plea agreement when the sentencing court reached a different result supported by evidence discovered during the presentence investigation.
 
 Mark Ballog
 
 8
 Ballog challenges the district court's finding that he was a "manager or supervisor" in the scheme. This finding required a three-level increase in his offense level under U.S.S.G. § 3B1.1(b), but was not part of Ballog's plea agreement. We have examined the record and conclude there is sufficient evidence to sustain the district court's finding that Ballog was a manager or supervisor. At the sentencing proceeding, Ballog conceded he enlisted other people to join the scheme. In his plea agreement, Ballog acknowledged he helped plan a fraudulent claim for $20,000 resulting from a staged car accident. The presentence investigation also showed that on one occasion Ballog drove co-defendants to Minneapolis where they carried out staged accidents he had planned. Under these circumstances, we cannot find that the factual determination regarding the application of § 3B1.1(b) was clearly erroneous.
 
 Larry Rogers
 
 9
 Rogers appeals his sentence on the ground that he should have been given a reduction in his base offense level because of his alleged mitigating role in the scheme under U.S.S.G. § 3B1.2. Such a reduction was not provided for in his plea agreement. Our review of the plea agreement and the record as a whole demonstrates that Rogers was, as alleged in the PSI, "highly culpable." We thus hold that the court did not clearly err in denying a decrease in Rogers' offense level under § 3B1.2.
 
 
 10
 On the basis of the above review, we affirm the judgments embodying the sentences of Vahosky, Ballog, and Rogers.
 
 
 
 *
 Appeal No. 95-1703 was submitted on the briefs without oral argument
 
 
 **
 The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation